NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

DEC 1 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   16-10462 |
| Plaintiff-Appellee, | D.C. No. 3:14-cr-08164-DGC-1 |
| v. | |
| GARY S. CHRISTENSEN, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
David G. Campbell, District Judge, Presiding

Submitted November 16, 2017[**]
San Francisco, California

Before:  GOULD and PAEZ, Circuit Judges, and FREUDENTHAL,[***] Chief District Judge.

Gary Christensen appeals his conviction and sentence for evasion of federal income tax assessments and for failure to file tax returns in many years.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

[***]    The Honorable Nancy Freudenthal, Chief United States District Judge for the District of Wyoming, sitting by designation.

Christensen contends that the district court's admission of exhibits that his lawyer stipulated were admissible violated his Confrontation Clause rights; that the jury was not instructed on his defense; and that the district court abused its discretion when determining his sentencing range. We reject these contentions and we affirm.

When a criminal defendant's lawyer stipulates that an exhibit is admissible in open court in the presence of the defendant, the stipulation is binding unless the defendant indicates his or her objection at that time. *See United States v. Ferreboeuf*, 632 F.2d 832, 836 (9th Cir. 1980). As part of a defense strategy to argue that Christensen did not "willfully" violate the law, his trial counsel stipulated to the admissibility of exhibits showing his unpaid tax liability. Christensen expressed no objection until after he was convicted, and even then he said only that some unspecified exhibits were admitted over his objection. Because his lawyer stipulated to the admissibility of the documents and he did not object at the time, he is bound by that stipulation. *See id.*; *see also United States v. Gamba*, 541 F.3d 895, 900 (9th Cir. 2008) ("[D]efense counsel may waive an accused's constitutional rights as a part of trial strategy.").

The jury was properly instructed on Christensen's defense theory that he had a good faith belief that he was not required to file income tax returns or pay taxes. The district court used Ninth Circuit Model Criminal Jury Instruction 9.42, which

2

covered Chirstensen's theory of defense.  That instruction was adequate.  *See United States v. Aubrey*, 800 F.3d 1115, 1131–32 (9th Cir. 2015).

The district court did not abuse its discretion in determining Christensen's sentencing range under the Sentencing Guidelines.  First, the district court did not err by concluding that all of Christensen's conduct from 1997 to 2015 was part of a common scheme of tax evasion.  The default presumption is that all conduct violating the tax laws is part of the same course of conduct, and Christensen identifies no evidence showing that his actions were "clearly unrelated."  U.S.S.G. § 2T1.1, cmt. 2.  Second, the district court reasonably rejected Christensen's request for a deduction from the tax loss for $675,000 that Christensen allegedly spent on legal fees.  The Sentencing Guidelines instruct courts to account for unclaimed tax deductions only if, among other things, the defendant presents information to support the deduction "sufficiently in advance of sentencing."  U.S.S.G. § 2T1.1, cmt. 3.  Christensen submitted no evidence before sentencing to support his claim that he spent $675,000 on legal fees.  The district court did not abuse its discretion by declining to account for this unsupported deduction in calculating the tax loss.  *See United States v. Bishop*, 291 F.3d 1100, 1116 (9th Cir. 2002).

**AFFIRMED.**

3